Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7133

WALTER MCCLURE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Walter McClure, of St. Louis, Missouri, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7133

WALTER MCCLURE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  June 7, 2007

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and LOURIE, <u>Circuit Judge</u>.

PER CURIAM.

Walter McClure appeals a November 7, 2006, decision by the United States Court of Appeals for Veterans Claims ("Veterans Court")[1] that affirmed an April 20, 2004, decision by the Board of Veterans' Appeals ("Board").  Because Mr. McClure does not raise any issues within our jurisdiction, we <u>dismiss</u> the appeal.

In its April 2004 decision, the Board found there was no clear and unmistakable error ("CUE") in a 1959 Veterans Administration regional office ("RO") decision that awarded Mr. McClure a nonservice-connected pension for schizophrenic reaction but did not address possible entitlement to service connection for a psychiatric disorder.

---

[1]     <u>McClure v. Nicholson</u>, No. 04-1230 (Vet. App. Nov. 7, 2006).

Mr. McClure, represented by counsel at the time, appealed the Board's decision to the Veterans Court. He made only one argument before that court—that the CUE claim he filed in 2001, which the Board denied in its 2004 decision, should have been construed as an attack on a 1999 RO decision that denied him service connection for a psychiatric disability, not the 1959 RO decision that did not address the issue of service connection. The Veterans Court rejected that argument and found that the Board properly considered Mr. McClure's CUE allegations as relating to the 1959 RO decision rather than the 1999 RO decision. The Veterans Court did not address the merits of the 2004 Board decision or any other issue, but noted that Mr. McClure was free to file with the RO a motion to revise the 1999 RO decision on the basis of CUE.

Our review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Except to the extent an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In his brief to this court, Mr. McClure makes reference to a number of statutes and regulations. However, we do not have jurisdiction to consider his arguments because Mr. McClure does not challenge the validity or interpretation of a statute or regulation relied on by the Veterans Court in its decision. In fact, the only determination made by the Veterans Court—that Mr. McClure's CUE claim related to the 1959 RO

decision rather than the 1999 RO decision—involves only facts or the application of law to facts, and therefore is not within the scope of our review.

Mr. McClure also refers to an alleged violation of his due process rights. His arguments in this regard are simply restatements of his earlier arguments relating to the application of statutes and regulations to the facts of his case. Characterizing these questions as constitutional due process issues "does not confer upon us jurisdiction that we otherwise lack." Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

For the foregoing reasons, we dismiss Mr. McClure's appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.

2007-7133                                    3